IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 FEB -6  P 2: 00

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| KENNETH HENDRIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-128 |
| | ) | |
| AUGUSTA STATE MEDICAL PRISON | ) | |
| STAFF; BILLY NOLES, Doctor; VICTOR | ) | |
| WALKER, Warden; B. NICHOLS, Doctor; | ) | |
| TIM YOUNG, Doctor; PETER | ) | |
| LOCKHART, Physicians Assistant; and | ) | |
| FNU DURDEN, Corrections Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on November 22, 2006, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff

was directed to file an amended complaint. (Doc. no. 10). Plaintiff has submitted an amended complaint, (doc. no. 15), and it is this document that the Court will now screen.

## I.   BACKGROUND

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names as Defendants Victor Walker, Warden; Dr. B. Nichols; Dr. Tim Young; Peter Lockhart, Physicians Assistant; and FNU Durden, Corrections Officer.[1]   In his amended complaint, Plaintiff states that his illness (multiple sclerosis (hereinafter, "MS")) has been documented, and Defendant Nichols's "inaction indicates deliberate medical indifference." (Doc. no. 15, ¶ 2). Plaintiff also states that Defendant Nichols's opinions that Plaintiff's "claims are false and [his] housing and medical treatment are appropriate" are incorrect and beyond the scope of Defendant Nichols's experience. (Id.). Plaintiff further asserts that Defendant Walker's refusal to remove the container for soiled inmate laundry from Plaintiff's sleeping area violates Plaintiff's civil rights. (Id. ¶ 3). Plaintiff contends that leaving the soiled laundry in his sleeping area exposes him to unclean and unsafe living conditions, due to his reduced immune system. (Id.).

Next, Plaintiff contends that Defendant Lockhart denied his request for exemption from "mandatory yard call," which forced him to endure "undue physical [exertion] and fatigue." (Id. ¶ 4). As such, Plaintiff contends that Defendant Lockhart's "callousness to Plaintiff's medical condition" constitutes deliberate indifference to his medical needs. (Id.). Plaintiff also states that Defendant Young "is or should be aware of [Plaintiff's] medical

---

[1] Plaintiff also mentions FNU Mendoza in his statement of claim. However, Plaintiff failed to list FNU Mendoza in the case caption. The Order directing Plaintiff to amend his complaint stated that Plaintiff must list all defendants that he is suing in the case caption. (Doc. no. 10, pp. 2-3). Therefore, FNU Mendoza is not a Defendant in this action.

condition and has made no effort to correct any of the situations cited above." (Id. ¶ 5).
Finally, Plaintiff asserts that Defendant Durden was deliberately indifferent to Plaintiff's
medical needs when he stated, "[Y]ou're mentally retarded," in front of other inmates during
a discussion with Plaintiff about improperly fitting clothing. (Id. ¶ 7).

## II.   DISCUSSION

### A.   ASMP and Defendant Noles

In the Court's Order directing Plaintiff to amend his complaint, the Court warned
Plaintiff that it was improper to name ASMP as a Defendant. (Doc. no. 10, p. 2). The Court
told Plaintiff that it recognized that he was proceeding *pro se* and therefore gave him an
opportunity to attempt to cure his pleading deficiency by amending his complaint. (Id.). In
the Order directing Plaintiff to amend his complaint, the Court warned Plaintiff that his
amended complaint would supersede his previously filed complaint. (Doc. no. 10, p. 2
(citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir.
1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). The Court also specifically told
him that he must name all defendants in the caption and the body of the amended complaint.
(Id. at 2-3). Upon review of the amended complaint, the Court finds that Plaintiff no longer
names ASMP or Defendant Noles as parties to the lawsuit. As Plaintiff fails to name in the
caption and/or describe in the body of the amended complaint any actions taken by original
Defendants ASMP or Noles, these two Defendants should be **DISMISSED** from this case.

### B.   Defendants Nichols and Young

Plaintiff's claims against Defendants Nichols and Young, doctors at ASMP, are also
due to be dismissed because they are conclusory and insufficient to state a claim upon which
relief can be granted. In L.S.T., Inc., v. Crow, the Eleventh Circuit noted that

3

> [i]t is well-established that [] conclusory allegations are insufficient to state a § 1983 claim for relief . . . . Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for "it is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery."

L.S.T., Inc., 49 F.3d 679, 684 (11th Cir. 1995) (*per curiam*) (citations omitted).  Specifically, as to Defendant Nichols, Plaintiff claims that his "inaction indicates deliberate indifference." However, Plaintiff does not state what Defendant Nichols failed to do, or otherwise describe how these "inactions" amounted to deliberate indifference.  Further, Plaintiff states that Defendant Nichols has asserted incorrect opinions that are beyond his scope of experience that Plaintiff's "claims are false and [his] housing and medical treatment are appropriate." However, Plaintiff's conclusory statement does not allege facts demonstrating that Defendant Nichols was deliberately indifferent to either Plaintiff's medical needs or Plaintiff's conditions of confinement.[2]

Further, although Plaintiff states that Defendant Young should have been aware of Plaintiff's medical condition, Plaintiff does not provide any specific facts outlining how Defendant Young was deliberately indifferent to his medical needs, or that Defendant Young knew of, or was in a position to address, any of the constitutional violations that Plaintiff allegedly suffered.  Because Plaintiff's claims against Defendants Nichols and Young are conclusory and insufficient to state a claim upon which relief can be granted, Defendants Nichols and Young should be **DISMISSED** from this case.

---

[2] A mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment.  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

4

**C.     Defendant Lockhart**

Plaintiff also alleges that Defendant Lockhart, a physicians assistant at ASMP, was deliberately indifferent to his medical needs.  The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners.  Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999).  Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate.  Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Id. at 105.

In order to succeed on a medical indifference claim, a plaintiff must satisfy both an objective and a subjective component.  Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).  To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention."  Id. at 1187.  For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care."  Id. at 1186.  Moreover, every claim by a prisoner of inadequate medical treatment does not equate to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  Estelle, 429 U.S. at 105.

In the instant case, Plaintiff has satisfied the objective component by virtue of his MS diagnosis; however, Plaintiff has failed to satisfy the subjective component of an Eighth Amendment claim.  Although Plaintiff alleges that Defendant Lockhart was deliberately indifferent to Plaintiff's MS when he denied Plaintiff's request for exemption from

5

"mandatory yard call," forcing Plaintiff to endure "undue physical [exertion] and fatigue," Plaintiff has failed to allege that Defendant Lockhart knew that Plaintiff had symptoms of extreme, serious fatigue, as a result of "yard call," which seriously affected his MS condition. Moreover, Plaintiff failed to state that any fatigue he felt exacerbated his MS, or otherwise allege that he was forced to seek additional medical treatment as a result of going to the "yard." Thus, Plaintiff failed to state a claim upon which relief can be granted against Defendant Lockhart, and Defendant Lockhart should be **DISMISSED** from the case.

**D.    Defendant Walker**

Plaintiff also alleges that Defendant Walker subjected him to inhumane conditions of confinement by refusing to remove a container for soiled inmate laundry from Plaintiff's sleeping area. Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer v. Brennan, 511 U.S. 825, 835-39 (1994); see also Helling v. McKinney, 509 U.S. 25, 33-34 (1993) (inmate exposure to prison conditions that threaten to cause health problems in future can form basis of Eighth Amendment claim). Deliberate indifference that would violate the Eighth Amendment requires that Plaintiff show that Defendant knew about and disregarded an excessive risk to Plaintiff's health or safety. See Farmer, 511 U.S. at 837. When subjectively weighing whether a defendant has been deliberately indifferent, the courts require a plaintiff to show more than mere negligence. Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005).

Although Plaintiff generally claims that he has a reduced immune system and the soiled laundry exposes him to "unclean and unsafe living conditions," Plaintiff has not demonstrated that the laundry poses an immediate and specific health risk. Specifically,

6

Plaintiff does not indicate that he has suffered a harm or that there is a serious risk of an immediate harm occurring, but instead, Plaintiff generally implies that the "unclean and unsafe living conditions" might, at some point, result in his getting sick due to his reduced immune system. This is insufficient for a § 1983 claim, and Plaintiff has failed to demonstrate that Defendant Walker knew about and disregarded a serious and imminent risk to Plaintiff's health. Accordingly, Plaintiff has failed to state a claim against Defendant Walker, and Defendant Walker should be **DISMISSED** from this case.

**E.      Defamation**

Finally, Plaintiff argues that Defendant Durden is liable for making defamatory statements about Plaintiff when Defendant Durden said that Plaintiff was "mentally retarded" in front of other inmates. However, Plaintiff's claim should be dismissed because he failed to allege an injury of a constitutional magnitude. Relief under § 1983 generally requires that a plaintiff show a physical injury or imminent threat of a physical injury; a plaintiff may not recover under § 1983 for mental or emotional injury. 42 U.S.C. 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has failed to allege that he has suffered a physical injury or that there is an imminent threat of a physical injury as a result of Defendant Durden's remarks. Furthermore, actions alleging defamation of character or injury to reputation are not cognizable in a § 1983 action. Paul v. Davis, 424 U.S. 693, 710-12 (1976); Von Stein v. Brescher, 904 F.2d 572, 583 (11th Cir. 1990). Accordingly, the Court does not find that Plaintiff has stated a viable claim for relief under § 1983, and Plaintiff's defamation claim should be **DISMISSED**.

7

### III.   CONCLUSION

For the reasons set forth above, because Plaintiff has failed to state a claim upon which relief can be granted against any Defendant, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this *6th* day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8